■ JAISAN, INC., Appellant, v TRUSTEES OF THE MASONIC HOME & ASYLUM FUND et al., Respondents. [678 NYS2d 259] —Order, Supreme Court, New York County (David Saxe, J.), entered July 15, 1997, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to grant plaintiff leave to amend its complaint to assert a claim for quantum meruit as against defendant Trustees only, and otherwise affirmed, without costs. Order, same court (Lorraine Miller, J.), entered on or about March 13, 1998, which, insofar as appealable, denied plaintiff's motion to renew, unanimously affirmed, without costs.

Plaintiff's 1995 agreement with defendant Trustees of the nursing home in which the decedent resided, which superseded its 1988 agreement with the decedent to locate and recover her property, did not involve "abandoned property" within the meaning of Abandoned Property Law § 1416. Rather, the disclosed subject matter of the 1995 agreement was the property involved in the New Jersey proceeding, which never escheated to New Jersey, and indeed did pass through an estate, although improperly distributed. Accordingly, plaintiff should be allowed to seek to recover the reasonable value of its services on behalf of defendant Trustees (*see, Matter of Devlin*, 182 AD2d 322, 329-330). Plaintiff's claims are otherwise

without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Andrias, JJ.